**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| United States of America | ) | CR. No.: 3:17-cr-00677-MBS |
| | ) | |
| vs. | ) | |
| | ) | **ORDER AND OPINION** |
| | ) | |
| Robert Christiansen | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Robert Christiansen ("Defendant") is the sole individual named in a two-count

Indictment filed on July 18, 2017. ECF No.10. Count One charges that beginning from an

unknown date, but beginning at least in May of 2017, Defendant attempted to use a telephone

and a computer to knowingly attempt to persuade, induce, and entice a minor to engage in sexual

activity in violation of 18 U.S.C. § 2422(b). Id. at 1. Count Two charges that on or about June

24, 2017, and continuing until June 25, 2017, Defendant knowingly transported a minor in

interstate commerce with the intent to engage in sexual activity in violation of 18 U.S.C.

2423(a). Id. at 2. Defendant pleaded guilty to Counts One and Two of the Indictment on June 5,

2018. ECF No. 99. Defendant is currently in custody, and awaits sentencing on December 13,

2018. ECF No. 117.

This matter is before the court on two pro se motions filed by Defendant on November 5,

2018, and November 26, 2018.[1] ECF Nos. 118,119. In Defendant's first motion, Defendant

moves to substitute counsel, arguing that "[his] lawyer wanted and got a continuance w/o my

stamp" and "we had words he no longer wishes to meet with me. . . ." ECF No. 118 at 2 (errors

---

[1] Although Defendant filed the aforementioned motions pro se, Defendant is represented by court-appointed counsel.

in original). Defendant also asserts that his attorney is "weak." Id. at 3. In his second motion, Defendant moves, among other things[2], for a bond hearing, and for "a second chair or a second attorney. . . ." ECF No. 119 at 1. Defendant provides no argument as to why he should be placed on bond, nor does Defendant provide any grounds for receiving a second attorney.

## II.     ANALYSIS AND DISCUSSION

### A.  Defendant's Counsel

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to "have the Assistance of Counsel for their defense." U.S. Const. Amend. VI. The Sixth Amendment does not guarantee that defendants may have multiple attorneys appointed for them.  Indigent defendants are entitled to court-appointed counsel. Argersinger v. Hamlin, 407 U.S. 25 (1972). Despite that guarantee, indigent defendants are not entitled to counsel of their choosing. United States v. Gonzales-Lopez, 548 U.S. 140, 153 (2006); see also Miller v. Smith, 115 F.3d 1136, 1143 (4th Cir. 1997)( "However, unlike the right to counsel, the right to counsel of choice is not absolute.").

When a defendant moves to substitute counsel, courts are given wide discretion in granting such a request. United States v. Horton, 693 F.3d 463, 466-67 (4th Cir. 2012). In

---

[2] Defendant's motion, while difficult to understand, appears to request unlimited time to speak at sentencing, for no more continuances, and for increased access to "food and snacks" in prison. ECF No. 119 at 1. It is well settled that pursuant to Rule 32(i)(4)(A)(ii) of the Federal Rules of Criminal Procedure, criminal defendants are afforded an opportunity to speak at sentencing. However, such an opportunity "may be limited both as to duration and as to content. . . [the defendant] need be given no more than a reasonable time; he need not be heard on irrelevancies or repetitions." Ashe v. North Carolina, 586 F.2d 334, 336 (4th Cir. 1978). Furthermore, it does not appear that Defendant's counsel has requested any more continuances, so Defendant's request is moot. As to Defendant's requests regarding his incarceration, the remedy for those requests likely lies within internal prison procedures.

evaluating whether a district court erred in denying a motion to substitute counsel, the Court of Appeals for the Fourth Circuit considers the following factors: (1) the timeliness of the motion; (2) the adequacy of the district court's inquiry into the defendant's complaint about counsel; and (3) whether the defendant and counsel experienced a total lack of communication preventing an adequate defense. United States v. Quintero- Acosta, 355 F.App'x 685, 688 (4th Cir. 2009)(quoting United States v. Reevey, 364 F.3d 151, 156-57 (4th Cir. 2004)). A poor relationship between counsel and a defendant is not a ground for substitution. Morris v. Slappy, 461 U.S. 1, 13-14 (1983).

Defendant has a lengthy history of issues with his attorney. Defendant first moved for new counsel on January 26, 2018, arguing that his attorney was not "keeping [him] up to date or informed." ECF No. 49 at 1. That motion was denied by Magistrate Judge Paige Gossett on January 30, 2018. ECF No. 52. Then, on May 29, 2018, Defendant moved to act as his own co-counsel, arguing that his counsel failed to examine all necessary evidence. ECF No. 93. That motion was denied on June 4, 2018. ECF No. 95. With this history in mind, the court turns to Defendant's current motion. Defendant details mere disagreement with his attorney, and does not provide any evidence to suggest that his attorney failed to provide an adequate defense. It is clear that Defendant simply has a poor relationship with his attorney. Defendant does not show a total lack of communication. As such, the court finds that Defendant's counsel should not be substituted, especially at this very late stage in the proceedings. Furthermore, the court finds that Defendant is not entitled to a second court-appointed attorney.

## B. Bond hearing

Pursuant to 18 U.S.C.A § 3143(a)(1):

[T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released. . . .

The burden of proving a lack of a flight risk or a lack of risk of danger to the community lies with the defendant. United States v. Thompson, No. 1:07-cr-00051, 2008 WL 4460204 at *1 (W.D. Va Oct. 2, 2008).

Defendant was originally ordered detained pending trial on August 4, 2017. ECF No. 32. Defendant has provided no evidence that conditions have changed since that date. Specifically, Defendant has not proven that he would not pose a danger to the community, or that he is not a flight In fact, the very offense to which Defendant pleaded guilty indicates that he is a danger to the community and would flee the jurisdiction. Accordingly, the court finds that Defendant is not entitled to a hearing to modify the conditions of his bond and confinement.

## C. CONCLUSION

For the foregoing reasons, Defendant's motions, ECF Nos. 118, 119, are hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 12, 2018