

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | | |
|---|---|---|
| ROBERT CHRISTIANSEN, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CRIMINAL ACTION NO.: 3:17-677-MGL-1 |
| | § | CIVIL ACTION NO.:        3:24-7681-MGL |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING PETITIONER'S SECTION 2255 MOTIONS TO VACATE,
## GRANTING THE GOVERNMENT'S MOTIONS TO DISMISS,
## AND RENDERING AS MOOT PETITIONER'S MOTION TO EXPEDITE

Pending before the Court are Petitioner Robert Christiansen's two pro se motions to vacate his sentence under 28 U.S.C. § 2255 and Respondent United States of America's (the government) corresponding motions to dismiss.

On June 5, 2018, Christiansen pleaded guilty to one count of persuasion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b) and one count of transportation of a minor with the intent to engage in sexual activity in violation of 18 U.S.C. § 2423(a). The Court sentenced Christiansen to 240 months of imprisonment to be followed by a lifetime of supervised released and registration as a sex offender. Christiansen appealed his convictions, and the Fourth Circuit Court of Appeals affirmed his convictions and sentence in 2019. *United States v. Christiansen*, 794 F. App'x 256 (4th Cir. 2019). He failed to petition the Supreme Court for a writ of certiorari, and the convictions and sentence became final in 2020.

The Clerk entered Christiansen's first § 2255 motion on December 26, 2024, and Christiansen certified he placed it in the prison mailing system on December 17, 2024. The government subsequently filed a motion to dismiss in response. Christiansen filed two replies to the government's motion.

The government argues Christiansen's motion is untimely. Generally, a motion under § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." § 2255(f)(1). Christiansen's convictions and sentence were final in 2020, yet he failed to file his first motion until 2024. The motion is therefore untimely.

In Christiansen's motion, he attempts to avoid the timeliness problem stating, "It has taken me about seven years to think my case through and realize no mistakes had occurred through due diligence." First Motion at 12. Similarly, he wrote: "Yes, seven years it took to understand and learn enough legal and be comfortable enough to submit § 2255." *Id.* These are insufficient reasons for delay, and his untimeliness is fatal to the motion. The Court will deny the first motion and grant the government's motion to dismiss.

Christiansen arguably suggests equitable tolling applies to his delayed motion. Equitable tolling is available in the Section 2255 context, and the Supreme Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990) (footnotes omitted). The Court, however, has "generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

2

Here, Christiansen failed to exercise due diligence in pursuing his case, as demonstrated by his statement he was "comfortable enough to submit § 2255" only after seven years. Due diligence requires timely pursuit of available remedies rather than years of delay for reasons entirely within Christiansen's control. Therefore, equitable tolling is inapplicable and unavailing.

The clerk filed Christiansen's second § 2255 motion on September 15, 2025, and in it Christiansen failed to indicate when he placed it into the prison mail system. In response, the Government again filed a motion to dismiss, to which Christiansen filed a reply.

In this motion, Christiansen argues he is "actually innocent" and, under *McQuiggin v. Perkins*, 569 U.S. 383 (2013), his claim can proceed despite the typical time-bar. *McQuiggin* allows courts to grant relief in "a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" 569 U.S. at 395.

As the government argues, Christiansen's second motion must be denied as he fails to present any new evidence. His theory, as much as it can be identified, is evidently that the conduct to which he pleaded guilty is legal.

By pleading guilty, Christiansen admitted to the conduct and its criminality, and he fails to even allege new evidence exists which demonstrates he is actually innocent. Without new evidence "so strong that a court cannot have confidence in the outcome of the [proceeding]," *McQuiggin*, 569 U.S. at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)), Christiansen fails to bring his case within this timeliness exception. Consequently, his second motion will be denied as untimely and for failing to state an "actual innocence" claim.

Having carefully considered the motions, the responses, the record, and the relevant law, it is the judgment of the Court the government's motions to dismiss are **GRANTED** and

3

Christiansen's two § 2255 motions are **DENIED**.  Accordingly, Christiansen's motion to expedite is **DEEMED AS MOOT**.  Finally, to the extent Walker moves for a certificate of appealability, that request is **DENIED**, too.

> **IT IS SO ORDERED**.

> Signed this 14th day of April 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

**\*\*\*\*\***
**NOTICE OF RIGHT TO APPEAL**

Christiansen is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.